RECEIP[T]
AM[T] 250
SUM[MONS] ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 5-6-05

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| SALVATORE LaROSA )<br>Plaintiff )<br>)<br>v. )<br>)<br>FRANCIS J. HARVEY, )<br>SECRETARY OF THE ARMY, )<br>Defendant ) | **05 CV 10937 GAO**<br><br>MAGISTRATE JUDGE _____ |

# COMPLAINT

## JURISDICTION

1. The Court has jurisdiction over this action under 5 U.S.C. 706 and 10 U.S.C 1552(a).

## PARTIES

2. Plaintiff Salvatore LaRosa is a resident of 52 King Street, Dorchester, Massachusetts.

3. Defendant Secretary of the Army Francis J. Harvey, sued in his official capacity, is accountable for the acts that wronged the plaintiff and has authority to implement the relief the plaintiff seeks.

1

## FACTS

4.  Mr. LaRosa served in as officer the United States Army during World War II, rising from the rank of second lieutenant to major. After World War II, Mr. LaRosa served in the United States Army Reserve and retired from the Army Reserve as a lieutenant colonel. He subsequently served in the Massachusetts State Guard and rose to the rank of major general.

5.  During World War II, officer received periodic Officer Evaluation Reports (OERs) documented on WD AGO Form 66-1. These reports documented the quality of an officer's service during a particular time period. An officer's cumulative service record was considered prior to decisions being made on his assignments, continued active duty service and promotions.

6.  Mr. LaRosa first complained in 1967, shortly after his retirement from the reserves, that six WWII OERs were erroneous and did not reflect the quality of his service. The reporting periods of the performance reports he questioned and the errors in those reports are:

   a.  Rating period ending June 30, 1942: This report contains no rating. His immediate supervisor, Captain Hines, provided a contemporaneous report of 2Lt LaRosa's service that is not reflected on Form 66-1. The report for this period should rate 2Lt LaRosa's performance favorably, taking into consideration the

extensive time spent as a legal officer in courts-martial. The rating for this period should be corrected to excellent.

b.      Rating period ending August 10, 1942: 1Lt LaRosa's new company commander, Capt Gladding, noted on his report, dated January 7, 1943, that he was not in command of Company D, 104th Infantry from July 1, 1941- August 10, 1942. This should have resulted in a "not rated" annotation rather than no rating on Form 66-1.

c.      Rating period ending December 31, 1942: The rating on Form 66-1 does not accurately reflect the quality of 1Lt LaRosa's service. Capt Gladding did not properly take into account the duties to which 1Lt LaRosa was assigned. The assignments section of Capt Gladding's January 7, 1943 efficiency rating report makes no note of the assignment of 1Lt LaRosa to courts-martial duties during the large majority of this time period. Rather, it lists him merely as a platoon leader and a mess officer. Duties he would not have had time to pursue given his courts-martial assignments. This mistake or slight leads to an inaccurate picture of the true quality of his service. Assignment as trial or defense counsel is a great responsibility and was not accurately reflected in 1Lt LaRosa's record. Inclusion of this information would logically lead to an upgrade of the performance rating on Form 66-1 to at least excellent not just satisfactory.

d.      Rating period ending February 15, 1943: The basis for the rating of satisfactory is found on the March 3, 1943 Manner of Performance memorandum. This report was simply not required by Army Regulation 600-185 para 3(2)(a). The period covered is 6 weeks, from January 1, 1943 to February 15, 1943.

Special Order 257, dated December 29, 1942, states that 1Lt LaRosa was actually on leave during much of the reporting period. This report should be stricken for LaRosa's record.

e.     Rating periods ending December 31, 1943; June 30, 1944; and August 27, 1944: From October 3, 1943 to August 27, 1944, Captain LaRosa was assigned to the Military Government in Benevento, Italy. He was under the direct supervision of Lieutenant Colonel Armstrong of the British Army. Lt. Col. Armstrong's evaluations of Captain LaRosa are not accurately reflected on Form 66-1. Only during one time period, January 1 – June 30, was Captain LaRosa given a superior rating. The American rater should have relied on the contemporaneous reports of Lt Col Armstrong, such as Lt. Col. Armstrong's recommendation for promotion dated August 23, 1944, and given appropriate ratings. The ratings for the periods ending on December 31, 1943 and August 27, 1944 should be upgraded to superior.

f.     Rating period ending December 31, 1944: This rating, by Lieutenant Colonel Hershenson in Naples Province, Italy, is improper in that Captain LaRosa was reassigned to Catanzaro Province, Italy, under the command of Lieutenant Colonel Irish, not Lt. Col. Hershenson, on September 20, 1944. The rating states that it is based on frequent observation of the results of Captain LaRosa's work, which was physically impossible for Lt. Col. Hershenson due to the geographic separation and the fact that Captain LaRosa was not in Lt. Col. Hershenson's unit. Lt.Col. Irish's reports support a rating of at superior.

7.  Mr. LaRosa attempted to the correct errors in his World War II military record on a number of occasions, all to no avail.

   a.  In 1967, Mr. LaRosa prepared and submitted an administrative challenge to the officer performance reports. On February 28, 1968, the Army Board of Correction of Military Records denied his application for insufficient evidence.

   b.  In 1995, after obtaining further documentation from the Army, Mr. LaRosa requested the Army Board of Correction of Military Records reconsider its decision. On August 6, 1997, the Army Board of Correction of Military Records denied the application.

   c.  Mr. LaRosa again requested the Army Board of Correction of Military Records reconsider its decision. On November 10, 1999, the Army Board of Correction of Military Records denied this application, but acknowledged that his record may contain inaccuracies. The Board stated that it would attach Mr. LaRosa's application an a copy of the Board's November 10, 1999 letter to Mr. LaRosa to WD AGO Form 66-1 to indicate that the form may contain some inaccuracies.

   d.  On December 12, 2000, Mr. LaRosa requested the Army Board of Correction of Military Records reconsider its decision. On January 30, 2001, the Army Board of Correction of Military Records denied his request.

   e.  On December 19, 2001, Mr. LaRosa, through counsel, requested the Army Board of Correction of Military Records reconsider its decision. On 26 July 2002, the Army Board of Correction of Military Records refused to reconsider the case.

5

8.  Mr. LaRosa is entitled to correction of his military record.

9.  The Army Board of Correction of Military Records denial of adequate relief is arbitrary and capricious, unsupported by substantial evidence, and wrong on the facts.

WHEREFORE, plaintiff prays the Court to

A.  Assume jurisdiction in this case.

B.  Declare the Correction Board's decision arbitrary and capricious, contrary to law, unsupported by substantial evidence and wrong on the facts.

C.  Order the defendant, acting through the Correction Board, to insert in the plaintiff's record a fully adequate statement overcoming the prejudice of the unjust Officer Evaluation Reports.

D.  Order such further relief as the Court has jurisdiction to order, and deems just.

Respectively submitted,
By his attorney

May 6, 2005

Rosario Mario F. Rizzo, Esq.
B.B.O, # 421610
801 Main Street
Concord, MA 01742-3313
(978) 371-2500
sarorizzo@aol.com

6

**§JS 44 (Rev. 11/04)**                                      **CIVIL COVER SHEET**   05 CV 10937 GAO

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Salvatore LaRosa

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rosemary M. Rizzo
801 Main Street, Concord, MA 01742   978-371-2155

## DEFENDANTS
Francis J. Harvey, Secretary of the Army

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Attorney

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 USC 706   10 USC 1552(a)

Brief description of cause:
Action under Administrative Procedures Act to Correct Military Records

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  None
JUDGE _____   DOCKET NUMBER _____

DATE  May 5, 2005
SIGNATURE OF ATTORNEY OF RECORD  /s/ Rosemary M. Rizzo

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05 CV 10937 GAO

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Salvatore LaRosa v Francis J. Harvey, Secretary of the Army_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Rosario Maria F Rizzo_
ADDRESS _801 Main Street, Concord, MA 01742_
TELEPHONE NO. _978-371-2500_

(CategoryForm.wpd - 5/2/05)